UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LANCE R. BISHOP, SR.,

     Plaintiff,

   v.

CARLETON J. BRINK, III,
*Correction Officer*,

     Defendant

---

**DECISION AND ORDER**

6:24-CV-06748 EAW CDH

### INTRODUCTION

Plaintiff Lance R. Bishop, Sr. ("Plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), asserts an Eighth Amendment claim of deprivation of a medical device under 42 U.S.C. § 1983 against defendant Carleton J. Brink, III ("Defendant"). Plaintiff specifically alleges that after Defendant searched Plaintiff's cell at the Cayuga Correctional Facility on June 29, 2023, Plaintiff realized on July 12, 2023, that his back brace was missing and concluded that Defendant took it. (Dkt. 1 at ¶¶ 9-11; *see* Dkt. 7 at 4). Plaintiff claims that without his back brace, he has suffered severe back pain. (Dkt. 1 at ¶ 11; Dkt. 7 at 4).

Plaintiff has filed a motion for appointment of counsel. (Dkt. 30). For the reasons that follow, Plaintiff's motion is denied without prejudice.

## BACKGROUND

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 15). The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

At the outset of this matter, Chief United States District Judge Elizabeth A. Wolford screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (Dkt. 7). Plaintiff was permitted to proceed to service on his Eighth Amendment claim. (*See id.* at 9). Plaintiff's claim for deprivation of property was dismissed without prejudice to litigation in state court. (*Id.* at 8).

On September 22, 2025, Plaintiff filed a prior motion for appointment of counsel. (Dkt. 17). In that motion, Plaintiff argued that appointment of counsel was warranted because he cannot afford an attorney, he is incarcerated, this case is complex and involves conflicting evidence, he has limited access to a law library, he lacks a legal education, and his efforts to obtain a lawyer have been unsuccessful. (*See id.* at 1). During the telephone scheduling conference held on November 14, 2025, the Court denied Plaintiff's motion for appointment of counsel without prejudice, explaining that the Court could not assess whether Plaintiff's claim was likely to be of substance because the parties had yet to conduct discovery. (*See* Dkt. 23).

That same day, the Court entered a Scheduling Order pursuant to which fact discovery closed on May 8, 2026. (Dkt. 24 at ¶ 3). Defendant deposed Plaintiff on January 14, 2026 (*see, e.g.*, Dkt. 25; Dkt. 31 at 1; Dkt. 36 at ¶ 1), and the parties have

exchanged discovery (*see* Dkt. 33; Dkt. 34; Dkt. 35; Dkt. 36; Dkt. 38; Dkt. 39; Dkt. 40; Dkt. 41).

On February 18, 2026, Plaintiff filed the instant motion, reiterating the arguments made in his first motion for appointment of counsel. (*See* Dkt. 30). On February 25, 2026, Defendant filed his opposition, arguing primarily that Plaintiff does have the ability to investigate crucial facts.[1] (*See* Dkt. 31 at 1-2; *see also* Dkt. 31-1 at 3-4).

## DISCUSSION

### I.    Legal Standard

Unlike a defendant in a criminal matter, a civil litigant has no right to appointed counsel. *See, e.g., Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

---

[1]    Although Defendant also asserts that Plaintiff has failed to demonstrate his efforts to retain counsel (Dkt. 31-1 at 4), the record before the Court indicates that Plaintiff has demonstrated some such efforts (*see* Dkt. 17 at 3-6).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.*

## II.    Plaintiff's Motion for Counsel is Denied

Plaintiff acknowledges that the Court must determine that his claims are likely to be of substance before it can appoint him counsel. (*See* Dkt. 30 at 9). But the instant motion fails to meaningfully establish that this is the case, and instead merely asserts that Plaintiff's "allegations, if proved, clearly would establish a constitutional violation." (*Id.* at 11). Defendant's opposition similarly fails to meaningfully address this threshold consideration.[2]

---

[2]    Defendant's response does address Plaintiff's claim that he lacks adequate

Moreover, the discovery exchanged in this matter does not provide the Court a basis to conclude that Plaintiff's claim is likely to be of substance. For instance, although Plaintiff has propounded interrogatories, and Defendant propounded a document demand, the parties' responses shed little light on Plaintiff's claim. (*See, e.g.,* Dkt. 35 at 5 (in response to Plaintiff's interrogatory "[d]id you take [my] back brace," Defendant responding that "he did not have any knowledge of a back brace . . . and did not take any such item[] at any time."); Dkt. 37 at 6 (Plaintiff asserting that he possesses no documents responsive to Defendant's document request). The documents exchanged in this matter, such as a copy of DOCCS's incarcerated grievance program and grievance forms (Dkt. 40), are similarly unhelpful to the Court in assessing the substantiality of Plaintiff's claim. Put another way, the record before the Court primarily consists of Plaintiff's allegations and Defendant's denials thereof. Therefore, the Court has no basis to conclude that Plaintiff's remaining claim is likely to be of substance, and so the threshold requirement for appointment of counsel has not been met.

Because the Court cannot conclude that Plaintiff's claim is likely to be of substance, the Court need not evaluate the remaining factors. Nevertheless, the Court has considered the remaining factors, and concludes that, on balance, they do not support appointment of counsel.

---

access to a law library. (*See* Dkt. 31 at 2-12; *see also* Dkt. 31-1 at 3-4). The memorandum of law included with the instant motion demonstrates that Plaintiff has access to legal materials to support his arguments. (*See* Dkt. 30 at 6-11). Defendant also has produced documentation showing Plaintiff's ability to access law library materials. (*See* Dkt. 31 at 6-11).

As to the second factor, Plaintiff has demonstrated the "ability to understand and handle the litigation." *Griggs v. Schmauss*, 668 F. Supp. 3d 168, 172 (W.D.N.Y. 2023). Plaintiff has successfully filed a complaint that survived the Court's initial screening process in part (Dkt. 1), has filed motions complete with memoranda of law (Dkt. 17; Dkt. 30), and has propounded discovery demands and response (Dkt. 32; Dkt. 37). Thus, this factor weighs against the appointment of counsel.

As for the third factor, this case involves "conflicting evidence implicating the need for cross-examination," such as evidence regarding Plaintiff's allegedly missing back brace. *Marshall v. Annucci*, No. 15-CV-6707-DGL-MJP, 2021 WL 1975401, at *2 (W.D.N.Y. May 18, 2021). Thus, this factor weighs in favor of the appointment of counsel.

As for the last two factors, Plaintiff's remaining Eighth Amendment claim is not complex, and the Court cannot identify any special reasons why appointment of counsel would lead to a more just determination of this case. Plaintiff's status as an indigent prisoner with no legal education (*see* Dkt. 30 at 10) does not entitle him to counsel. *See, e.g.*, *Williams v. Westchester Med. Ctr. Health Network*, No. 21-CV-3746 (KMK), 2025 WL 2208727, *2 (S.D.N.Y. Aug. 4, 2025) (A "plaintiff's indigence is insufficient to entitle him to counsel in civil cases."); *Recant v. Day*, No. 24-CV-4117 (JHR) (RFT), 2025 WL 457881, at *2 (S.D.N.Y. Feb. 11, 2025) ("To the extent that Plaintiff is suggesting that she lacks the legal expertise to litigate this case, a lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel.") (quotation omitted).

- 7 -

Consequently, on balance, the applicable factors weigh against the appointment of counsel at this time. This conclusion is without prejudice to renewal at a later stage of the proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for appointed counsel (Dkt. 30) is denied without prejudice.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         August 11, 2026